**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

SEP 2 9 2000

|  |  |
|---|---|
| DIANA CAMPUZANO<br>158 West 84th St. Apt. #2A<br>New York, NY 10024<br><br>AVI ELISHIS<br>1874 East 24th St.<br>Brooklyn, NY 10030<br><br>GREG SALZMAN<br>10 Tremblay Road<br>East Brunswick, NJ 08816<br><br>SHERRI WEISS<br>401-1428 West 8th Ave<br>Vancouver, BC V6H 1E1<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs, Khomeini Avenue, United Nations Street, Tehran, Iran,<br><br>and<br><br>THE IRANIAN MINISTRY OF INFORMATION AND SECURITY<br>Pasdaran Avenue, Golestan Yekom, Tehran, Iran,<br><br>and<br><br>HAMAS<br><br>and<br><br>John Does 1-99<br><br>　　　　Defendants. | CASE NUMBER 1:00CV02328<br>JUDGE: Ricardo M. Urbina<br>DECK TYPE: Civil General<br>DATE STAMP: 09/29/2000<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO THE FOREIGN SOVEREIGN IMMUNITIES ACT, AS AMENDED** |

Plaintiffs, by and ough counsel, bring this action seeking damages arising out of the September 4, 1997 suicide bombing in Jerusalem's Ben Yehuda pedestrian mall. Plaintiffs seek judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, Hamas, and John Does 1-99 jointly and severally and in support of their Complaint allege as follows:

## I.

## JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a). Defendants are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## II.

## THE PARTIES

3. Plaintiff Diana Campuzano is currently a domiciliary of the state of New York. Diana Campuzano is a U.S. citizen.

4. Plaintiff Avi Elishis is currently a domiciliary of the state of New York. Avi Elishis is a U.S. citizen.

5. Plaintiff Gregg Salzman is currently a domiciliary of the state of New Jersey. Greg Saltzman is a U.S. citizen.

6. Plaintiff Sherri Weiss was a Canadian citizen at the time of the incident.

7. Defendant the Islamic Republic of Iran, is a foreign state that has been designated a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C.App. § 2405(j)) and section 620A of the Foreign

Assistance Act of 1961 (22 U.S.C. 2371). Since January 19, 1984. The Islamic Republic of Iran provided material support and resources to Hamas, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction and training for its terrorist activities.

8. This Court, in four separate cases, already has held that the Islamic Republic of Iran is liable to victims of state-sponsored terrorism, particularly for terrorist acts committed in Lebanon, Israel and Gaza. See Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000); Eisenfeld v. The Islamic Republic of Iran, Civ. No. 98-1945 (RCL) (D.D.C. 2000); Flatow v. The Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998); Higgins v. The Islamic Republic of Iran, Civ. No. 99-377RCL) (D.D.C. 2000).

9. Defendant, the Iranian Ministry of Information and Security ("MOIS"), is the Iranian intelligence service, and functions both within and beyond Iranian territory. MOIS, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605. Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hamas for its terrorist activities in Palestine and Israel, including the actions relating to the Ben Yehuda bombing.

10. Defendant Hamas is a political and paramilitary Islamic organization in Israel and the surrounding territories which has engaged in a campaign of terrorism for several years with the assistance of Iran and MOIS.

11. Defendants John Does 1-99 are persons whose identities are unknown who planned, supported, and executed the terrorist acts described in this complaint.

**III.**

**FACTUAL ALLEGATIONS**

12. Hamas was formed in 1987 as an outgrowth of the Palestinian branch of the Muslim Brotherhood. After the Oslo Peace Accords were signed, Hamas undertook the chief terrorist role for operations in Palestine/Israel, a role previously held by the Palestine Liberation Organization. Since 1993, Hamas has claimed responsibility for more than 250 deaths.

13. Iran, acting through its agent MOIS and others, has sought to export fundamental Islamic revolution to other Muslim countries. In 1992, Hamas leaders met with Iranian officials in Tehran and received assurances of support for their terrorist activities.

14. This support took the form of financial support, training for Hamas fighters in Iran and Lebanon, military equipment, and political assistance. In 1993, Iran proclaimed Hamas to be the sole legitimate representative organization of the Palestinians.

15. Over the course of the next few years, Hamas, enabled with support from Iran, continued its terrorist activities in Israel. For example, Hamas operatives established a laboratory in Nablus for the manufacture of explosives to be used in terrorist operations.

16. On September 4, 1997 three members of Hamas exploded a bomb in the Ben Yehuda pedestrian mall in Jerusalem. Hundreds of people were on the mall. In addition to the terrorists, four persons were killed and 192 were injured. Plaintiffs Diana Campuzano, Avi Elishis, Gregg Salzman and Sherri Wise were all among those injured by the bombing.

17. At all relevant times, the Islamic Republic of Iran, through its agent MOIS, provided material resources and support, in the form of funding, training and direction, to Hamas. In providing said material resources and support, MOIS was acting within the scope of its agency.

## COUNT I

## ACTION FOR DAMAGES

18. Paragraphs 1 through 16 are incorporated herein as if fully set forth.

19. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS. Plaintiffs have been injured.

20. Diana Campuzano suffered facial disfigurements and skull fractures, burns, and loss of vision. She required months of intensive medical care and treatment and multiple surgeries. She continues to suffer residual physical and psychological injuries.

21. Gregg Salzman suffered injuries to his face, arms and legs including burns and lacerations and loss of hearing. He required medical treatment and continues to suffer residual physical and psychological injuries.

22. Sherri Wise suffered injuries to her face and arms including burns, lacerations and loss of hearing. She required extensive medical treatment and continues to suffer residual physical and psychological injuries.

23. Avi Elishis suffered injuries to his face, arms, legs, and abdomen including burns and internal injuries, and loss of hearing. He required extensive surgery and medical treatment. He continues to suffer residual physical and psychological injuries.

## COUNT II

## ECONOMIC DAMAGES

24. Paragraphs 1 through 22 are incorporated herein as if fully set forth.

25. As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs incurred economic damages as a result of their injuries and deprivation of income from their future employment opportunities.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Paragraphs 1 through 25 are incorporated herein as if fully set forth.

27. The acts of planning and conducting a suicide bombing in a crowded area in Jerusalem constituted extreme and outrageous conduct on the part of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

28. As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of Hamas members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS. Plaintiffs were caused to suffer severe emotional distress.

## COUNT IV

## PUNITIVE DAMAGES

29. Paragraphs 1 through 27 are incorporated herein as if fully set forth.

30. The actions of the Hamas were intentional and malicious and in willful, wanton and reckless disregard of Plaintiffs' rights.

31. MOIS provided funding, direction and training for Hamas terrorist activities, and is therefore vicariously liable for the actions of the Hamas members. In providing such funding, direction and training, MOIS and Hamas were acting within the scope of their agency capacity with the Islamic Republic of Iran.

32. Pursuant to section 589 of the 1997 Omnibus Consolidated Appropriations Act, P.L. 104-208, Div. A., Title 1 § 101(c) (September 30, 1996), 110 Stat. 3009-172 reprinted at 28 U.S.C. § 1605 note, which specifically authorizes a cause of action for punitive damages in civil actions for money damages resulting from terrorist acts, MOIS and Hamas are liable for punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs judgment in their favor and against Defendants on Counts I through IV, and grant Plaintiffs:

A.     Compensatory damages against Defendants jointly and severally, in the amount of one hundred and fifty million dollars ($150,000,000).

B.     Punitive damages against Defendant the Iranian Ministry of Information and Security and Hamas in an appropriate amount to be determined at trial;

C.     Reasonable costs and expenses;

D.     Reasonable attorneys' fees; and

E.  Such other and further relief which the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,

John J. McDermott
Hall Estill, Hardwick, Gable,
Golden & Nelson, P.C.
1120 20th Street N.W.
Suite 700, North
Washington, D.C. 20036-3406
(202) 973-1200

Attorney for Plaintiffs