## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANA CAMPUZANO )
158 West 84th St. Apt. #2A )
New York, NY 10024 )
 )
AVI ELISHIS )
1874 East 24th St. )
Brooklyn, NY 10030 )
 )
GREGG SALZMAN )
10 Tremblay Road )
East Brunswick, NJ 08816 )
 )
SHERRI WISE )
401-1428 West 8th Ave )
Vancouver, BC V6H 1E1 )
               Plaintiffs, )   Civil Action No.: 00-2328 (RMU)
 )
v. )   Judge Ricardo M. Urbina
 )
THE ISLAMIC REPUBLIC OF IRAN )
Ministry of Foreign Affairs )
Khomeini Avenue United Nations )
Street Tehran, Iran, )
 )
THE IRANIAN MINISTRY OF )
INFORMATION AND SECURITY )
Pasdaran Avenue Golestan Yekom )
Tehran, Iran, )
 )
IRANIAN ISLAMIC REVOLUTIONARY )
GUARD CORPS a/k/a PASDARAN )
Pasdaran Avenue )
Golestan Yekom )
Tehran, Iran, )
 )
HAMAS )
 )
AYATOLLAH ALI HOSEINI KHAMENEI )
Supreme Leader of the Islamic Republic of Iran )
Office of the Supreme Leader )
Palestine Street )
Tehran, Iran, )
 )
ALI AKBAR HASHEMI-RAFSANJANI )
Former President of the Islamic Republic of Iran )
President Office )
Tehran, Iran, )
 )
ALI AKBAR MOHTASHEMI )
Former Interior Minister of the Islamic Republic of Iran )
and former Iranian Ambassador to Syria )
 )
And )
 )
JOHN DOES 1-99 )
 )
               Defendants. )
 )


FILED
MAR 15 2001
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## AMENDED COMPLAINT FOR DAMAGES PURSUANT TO
## THE FOREIGN SOVEREIGN IMMUNITIES ACT

Plaintiffs, by counsel, respectfully bring this action against Defendants seeking damages arising out of the September 4, 1997 suicide bombing in Jerusalem's Ben Yehuda pedestrian mall causing severe injury to Plaintiffs. Plaintiffs move for judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, the Iranian Islamic Revolutionary Guard Corps also known as the Pasdaran, HAMAS, Ayatollah Ali Hoseini Khamenei, Supreme Leader of the Islamic Republic of Iran, Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran and John Does 1-99, jointly and severally, and in support of their Complaint allege as follows:

## I.
## JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this case arises under 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2).

2. Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps, also known as the Pasdaran, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605(a)(7), and related statutes. Defendants HAMAS, Ayatollah Ali Hoseini Khamenei, Supreme Leader of the Islamic Republic of Iran, Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran and John Does 1-99 are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(7).

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(f)(4).

4.      Actions for personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents fall within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605.

## II.
## THE PARTIES

5.      Plaintiff Diana Campuzano (hereinafter also referred to as "Campuzano") is currently a resident of the State of New York. Diana Campuzano is a U.S. citizen.

6.      Plaintiff Avi Elishis (hereinafter also referred to as "Elishis")is currently a resident of the State of New York. Avi Elishis is a U.S. citizen.

7.      Plaintiff Gregg Salzman (hereinafter also referred to as "Salzman") is currently a resident of the State of New Jersey. Gregg Salzman is a U.S. citizen.

8.      Plaintiff Sherri Wise(hereinafter also referred to as "Wise") was a Canadian citizen at the time of the incident.

9.      Defendant, the Islamic Republic of Iran (hereinafter also referred to as "Iran") is a foreign state that has been designated a state sponsor of international terrorism within the meaning of the Export Administration Act of 1979 (50 U.S.C.App. § 2405(j)) and the Foreign Assistance Act of 1961 (22 U.S.C. 2371(b)) since January 19, 1984. The Islamic Republic of Iran provided material support and resources to HAMAS, a politico-paramilitary terrorist organization operating in Israel. The Islamic Republic of Iran sponsors HAMAS within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction and training for its terrorist activities in Israel.

10.     As a result of the fact that the defendant the Islamic Republic of Iran has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant HAMAS

in the case before this Court of Eisenfeld et al. v. the Islamic Republic of Iran, et al. Civ.No. 98-1945 (RCL) (D.D.C. 2000), defendant Islamic Republic of Iran is collaterally estopped in this action from denying that it is liable for the acts and actions of defendant HAMAS.

11.     This Court, in four separate cases, already has held that the Islamic Republic of Iran is liable to victims of state-sponsored terrorism, particularly for terrorist acts committed in Lebanon, Israel and Gaza. See Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000); Eisenfeld v. The Islamic Republic of Iran, Civ. No. 98-1945 (RCL) (D.D.C. 2000); Flatow v. The Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998); Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62 (D.D.C. 1998), Higgins v. The Islamic Republic of Iran, Civ. No. 99-377(RCL) (D.D.C. 2000).

12.     Defendant, the Iranian Ministry of Information and Security ("MOIS"), is the Iranian intelligence service, and functions both within and beyond Iranian territory. MOIS, acting as an agent of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of its agency, that caused the events which gave rise to Plaintiffs injuries. Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to HAMAS for its terrorist activities in Palestine and Israel, including the actions relating to the Ben Yehuda bombing.

13.     Defendant the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran (hereinafter referred to as "IRGC or Pasdaran") is a non-traditional agency of the Islamic Republic of Iran. The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran. The IRGC functions as an intelligence organization, both within and outside the country of Iran. The IRGC exerts considerable influence on the government policies of Iran. In addition, the IRGC has become a powerful military instrument for defending

the Revolution and Islamic Iran and is dedicated to the export of Islamic fundamentalism principles throughout the world through acts of terrorism.  The IRGC is the agency through which Iran trained members of defendant HAMAS who took part in the bomb attack on the Ben Yehuda pedestrian mall in Jerusalem, Israel on September 4, 1997.  The IRGC, acting as an agent of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of its agency in that it acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to defendant HAMAS for its terrorist activities in Israel, that caused the injuries to the Plaintiffs.

14.     Defendant, HAMAS, is a political and paramilitary Islamic organization in Israel and the surrounding territories which has engaged in a campaign of terrorism for several years with the assistance of Iran, MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Supreme Leader of the Islamic Republic of Iran, Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran and John Does 1-99.  HAMAS, acting as an agent of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of its agency that caused the injuries to the plaintiffs described below.

15.     Defendant Ayatollah Ali Hoseini Khamenei is the Supreme Leader of the Islamic Republic of Iran who performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to the bomb attack in the Ben Yehuda pedestrian mall on September 4, 1997.  Defendant Ayatollah Ali Hoseini Khamenei, acting as an agent of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of his office, that caused injuries to plaintiffs described below.

16. Defendant Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran, performed acts within the scope of his office by assisting, coordinating and directing acts of terrorism, including the actions relating to the bomb attack in the Ben Yehuda pedestrian mall on September 4, 1997. Defendant Ali Akbar Hashemi Rafsanjani, acting as an agent of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of his office, , that caused injuries to plaintiffs described below.

17. Defendants John Does 1-99 are other officials, employees, and/or agents of the Islamic Republic of Iran, or others, whose identities are presently unknown, who performed acts that resulted in acts of terrorism, including the actions relating to the bombing of the Ben Yehuda pedestrian mall on September 4, 1997. Defendants John Does 1-99 acted as agents of the Islamic Republic of Iran within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, performed acts within the scope of their office, agency, and/or employment, which caused the act of extrajudicial killings described below.

### III.
### FACTUAL ALLEGATIONS

18. HAMAS was formed in 1987 as an outgrowth of the Palestinian branch of the Muslim Brotherhood. After the Oslo Peace Accords were signed in 1993, HAMAS undertook the chief role for terrorist operations in Israel and the geographical areas formerly known as Palestine. That role had been previously played by the Palestine Liberation Organization. Since 1993, HAMAS has claimed responsibility for more than 250 deaths.

19. Iran, acting through its agents MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, has sought to export

fundamental Islamic revolution to other Muslim countries. In 1992, HAMAS leaders met with Iranian officials in Tehran and received assurances of support for their terrorist activities.

20. This support took the form of financial support, training for HAMAS fighters in Iran and Lebanon, military equipment, and political assistance. In 1993, Iran proclaimed HAMAS to be the sole legitimate representative organization of the people referring to themselves as Palestinians.

21. Over the course of the next few years, HAMAS, enabled by support from Iran, continued its terrorist activities in Israel. For example, HAMAS operatives established a laboratory in Nablus for the manufacture of explosives to be used in terrorist operations.

22. On September 4, 1997 three members of HAMAS detonated three separate bombs in the Ben Yehuda pedestrian mall in Jerusalem. Hundreds of people were on the mall. Plaintiffs were present on the mall and were injured as a result of the bomb blasts. In addition to the terrorists, four persons were killed and 192 persons were injured including the Plaintiffs.

23. The attack was a premeditated terrorist act performed at the direction of HAMAS at a time in the day calculated to have a widespread killing effect.

24. At all relevant times, the Islamic Republic of Iran, through its agents MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, provided material resources and support, in the form of funding, training and direction, to HAMAS. In providing said material resources and support, Iran, MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Supreme Leader of the Islamic Republic of Iran, Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran and John Does 1-99, were acting within the scope of their agencies.

25.     This Court has recently held, in <u>Eisenfeld et al. v. the Islamic Republic of Iran, et al</u>. Civ. No. 98-1945 (RCL) (D.D.C. 2000) that HAMAS receives "massive material and technical support from the Defendant, the Islamic Republic of Iran" (see <u>Eisenfeld</u> ).  The Court in <u>Eisenfeld</u> found that defendant Iran provides HAMAS financial support in the amount of $15,000,000.00 per month, and that it had provided training in the use of bombs and explosives to the HAMAS terrorists who planned and executed terrorist attacks in Israel.

## COUNT I.
## ACTION FOR DAMAGES

26.     Paragraphs 1 through 25 are incorporated herein as if fully set forth.

27.     As a direct and proximate result of the willful, wrongful, intentional and reckless acts of HAMAS members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Supreme Leader of the Islamic Republic of Iran, Ali Akbar Hashemi Rafsanjani, former President of the Islamic Republic of Iran and John Does 1-99, Plaintiffs have been injured.

28.     Plaintiff, Diana Campuzano, suffered severe injuries which resulted in facial disfigurements, skull fractures, burns, and loss of vision.  She required months of intensive medical care and treatment and multiple surgeries.  She continues to suffer residual physical and psychological injuries.

29.     Plaintiffs, Gregg Salzman, suffered serious injuries to his face, arms and legs including burns and lacerations and loss of hearing.  He required medical treatment and continues to suffer residual physical and psychological injuries.

30.     Plaintiff, Sherri Wise, suffered serious injuries to her face and arms including burns, lacerations and loss of hearing.  She required extensive medical treatment and continues to suffer residual physical and psychological injuries.

31. Plaintiff, Avi Elishis, suffered serious injuries to his face, arms, legs, and abdomen including burns and internal injuries, and loss of hearing. He required extensive surgery and medical treatment. He continues to suffer residual physical and psychological injuries.

32. As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of HAMAS members, whose acts were funded and directed by the Islamic Republic of Iran through its agents MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, Plaintiffs have been injured.

WHEREFORE, Plaintiffs each demand judgments be entered, jointly and severally, against Defendants in the amount of TWENTY MILLION DOLLARS ($20,000,000).

## COUNT II.
## ECONOMIC DAMAGES

33. Paragraphs 1 through 32 are incorporated herein as if fully set forth.

34. Plaintiffs each incurred economic damages as a result of their injuries and deprivation of income from their future employment opportunities.

35. As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of HAMAS members, whose acts were funded and directed by the Islamic Republic of Iran through its agents MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, Plaintiffs incurred economic damages as a result of their injuries and deprivation of income from their future employment opportunities.

WHEREFORE, Plaintiffs each demand judgments be entered, jointly and severally, against Defendants in the amount of TWENTY MILLION DOLLARS ($20,000,000).

## COUNT III.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Paragraphs 1 through 35 are incorporated herein as if fully set forth.

37. The acts of planning and conducting a suicide bombing in a crowded area in Jerusalem constituted extreme and outrageous conduct on the part of HAMAS members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani, and John Does 1-99.

38. As a direct result and proximate result of the willful, wrongful, intentional and reckless acts of HAMAS members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS and IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, Plaintiffs were caused to suffer severe emotional distress.

WHEREFORE, Plaintiffs each demand judgments be entered, jointly and severally, against Defendants in the amount of TWENTY MILLION DOLLARS ($20,000,000).

## COUNT IV.
## PUNITIVE DAMAGES

39. Paragraphs 1 through 38 are incorporated herein as if fully set forth.

40. The actions of the HAMAS were intentional and malicious and in willful, wanton and reckless disregard of Plaintiffs' rights.

41. MOIS, IRGC, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani, and John Does 1-99, provided funding, direction and training for HAMAS terrorist activities, and are therefore directly or vicariously responsible for the actions of their co-defendant HAMAS because they controlled and acted in concert with in sponsoring its terrorist activities in Israel. In providing such funding, direction and training, MOIS, IRGC, Ayatollah

Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani, and John Does 1-99, were acting within the scope of their agencies with the Islamic Republic of Iran.

42. Pursuant to section 589 of the 1997 Omnibus Consolidated Appropriations Act, P.L. 104-208, Div. A., Title 1 § 101(c) (September 30, 1996), 110 Stat. 3009-172 reprinted at 28 U.S.C. § 1605 note, which specifically authorizes a cause of action for punitive damages in civil actions for money damages resulting from terrorist acts, MOIS, IRGC, HAMAS, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani and John Does 1-99, are liable for punitive damages.

WHEREFORE, Plaintiffs demand judgment be entered against Defendants in an appropriate amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendants on Counts I through IV, and grant Plaintiffs:

A. Compensatory damages against all Defendants, jointly and severally, in the amounts demanded in this complaint;

B. Punitive damages against all Defendants in an appropriate amount to be determined at trial;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees; and

E.   Such other and further relief as the Court may determine to be just and equitable under the circumstances.

Dated: March 15, 2001

Respectfully submitted,

*[signature]*

John J. McDermott D.C. # 924803
Hall, Estill, Hardwick, Gable, Golden & Nelson
1120 20th Street, N.W.
Washington, D.C. 20036
(202) 973-1200